WILLIAM FOSSETT & *als. versus* JOHN BEARCE.

When the right to a penal action depends upon the official character of the plaintiff as a town officer, he must show that he was duly elected at the town meeting, and that the notice for convening the meeting, was posted in a "public and conspicuous" place, unless the town have designated a different mode ; and this must appear by the official return upon the warrant.

Where the officer's return upon a warrant for a town meeting did not show that the copies posted up were attested, or that they were posted in conspicuous places, evidence that the copies posted up were attested, and posted in public and conspicuous places in the town, will not cure the defect in the return.

Such evidence is inadmissible, except for the single purpose of showing that the officer ought to be permitted to amend his return, and when it appears that he is willing to amend.

Such an amendment can be made only by the same officer and on his responsibility.

DEBT, brought by plaintiffs as fish committee of the town of Bristol, to recover of defendant the penalty named in the seventh section of a special act passed March 4, 1826, entitled " an act to regulate the alewive fishery in Bristol," for resisting and opposing said committee in the performance of their official duty.

On the trial, before HOWARD, J., the records of the town of Bristol were produced, from which it appeared that a meeting of the town was held on the third of March, 1845, and that, among other things, this vote was passed, viz. : — " Article 18. Chose William Fossett, Alexander Fossett and Robert Boyd, fish committee," and that they were sworn.

From the records also it appeared, that in the warrant of February 21, 1845, calling said meeting of the third of March, the 18th article was " to choose a fish committee." The defendants also read, (against the objection of the plaintiff,) a copy of the officer's return of said warrant, which was as follows : — " Bristol, March 3, 1845.   By virtue of the within warrant, I have notified the inhabitants as within directed, by

posting up copies of the same in three public places in said town, seven days before the meeting.

"Elisha Hatch, Constable of Bristol."

The Court ruled, that as it did not appear by the officer's return that the copies were attested copies, nor that they or any of them were posted in a conspicuous place or places, therefore said committee were not legally chosen. Whereupon the plaintiffs offered to prove, under and conformable to the statute of 1848, that the notices aforesaid were attested copies of said warrant, and that they were posted in public and conspicuous places in said town, seven days before said meeting, as contemplated in chap. 5, of the Revised Statutes.

The Court, for the purposes of the trial, decided not to admit such proof, and a nonsuit was ordered. The plaintiffs filed exceptions.

*E. & M. H. Smith*, for plaintiffs.

1. The plaintiffs say, that the ruling of the Judge in regard to the insufficiency of the service of the notice for town meeting, was wrong. The records of the town meeting fully proved the choice of the plaintiffs, as fish committee. And defendant should not go behind such record for any informality of the officer's return. *Thayer* v. *Stearns*, 1 Pick. 109, and authorities there cited, (in note 2); *Briggs* v. *Murdock*, 13 Pick. 305 ; *Wells* v. *Battelle & al.* 11 Mass. 481 ; *Houghton* v. *Davenport*, 23 Pick. 235.

2. As corroborating the above position, a distinction is to be drawn between the case at bar, and the cases, *State* v. *Williams*, 25 Maine, 564, and *Christ's Church* v. *Woodward*, 26 Maine, 178. The former was an *indictment*, in which nothing is presumed against the innocence of the accused, but every thing to be strictly proved. The latter was a case in which title to real estate was in question, and strict execution of the law in all respects is required, to deprive a man of his inheritance; and the meeting, the doings at which were in question, was not an annual meeting, nor called for transacting the ordinary town business, but a special meeting for the

appropriation of the plaintiff's land. In the case at bar, the fish committee are among the officers which by law, are to be elected at the annual meeting. Fish law of Bristol, 1826, sect. 1, special.

The laws regulating fisheries are public laws, and all persons are presumed to know them, and are bound to take notice of them at their peril. *Burnham* v. *Webster*, 5 Mass. 266.

3. The proof offered under and conformable to the statute of 1848, that the constable in warning said town meeting had given notice as contemplated in the 5th chap. of the R. S. which was excluded by the Judge, should have been admitted as a step preliminary to the altering of the return by the officer. Public Laws of 1848, chap. 37, sect. 1 ; R. S. chap. 5.

*Ruggles*, for defendant, for the correctness of the ruling of the Judge at the trial, relied upon these cases. *State* v. *Williams*, 25 Maine, 561 ; *Christ's Church* v. *Woodward*, 26 Maine, 172; *Tuttle* v. *Carey*, 7 Maine, 426 ; *Thayer* v. *Stearns*, 1 Pick. 109; *Bucksport* v. *Spofford*, 12 Maine, 487.

The opinion of the Court, (WELLS, J. taking no part in the decision, having been of counsel in the case,) was delivered by

HOWARD, J. — The plaintiffs have instituted this suit, as a "fish committee," under section 7, of the act of March 4, 1826, entitled "An act to regulate the alewive fishery in Bristol," to recover a penalty of the defendant, for resisting them in the performance of their official duties.

It is incumbent on them to prove their official character, and establish their right to sue in that capacity, before they can recover a penalty for the alleged resistance.

To show that they were duly chosen as such committee, they introduced the record of the meeting of that town, March 3, 1845, including the record of the warrant, the return thereon, and the proceedings.

The defendant objected to the sufficiency of the evidence, and contended that the meeting was not legally notified, and

that the supposed election of the committee was not legally made.

The return upon the warrant was, " Bristol, March 3, 1845. By virtue of the within warrant, I have notified the inhabitants as within directed, by posting up copies of the same in three public places in said town, seven days before the meeting.

" Elisha Hatch, Constable of Bristol."

It was not pretended that the town had appointed any different mode for calling their meetings from that provided by statute. The objections, principally relied on, were, that the constable did not state "the manner of notice, and the time it was given," in his return on the warrant; — or that the copies were *attested*, — or that they were posted in *conspicuous* places, as required by the Revised Statutes, (c. 5, § 6 and 7.) It is manifest that this return, as made by the constable, does not show that the meeting was legally notified. *State* v. *Williams*, 25 Maine, 561; *Christ's Church* v. *Woodward*, 26 Maine, 172.

The statute of 1848, c. 37, § 1, provides that, "in any action where the proceedings of any town meeting heretofore held are or may be in dispute, when it shall be made to appear by affidavit or otherwise, that the constable, or officer warning such meeting, had given the notice as contemplated in the fifth chapter of the Revised Statutes, but had omitted to make a full return thereof, as contemplated by the provisions of the said chapter, it shall be the duty of the Court to allow him to amend such return accordingly." And the " plaintiffs offered to prove, under and conformable to that statute, that the notices aforesaid were attested copies of said warrant, and that they were posted in public and conspicuous places in said town, seven days before said meeting, as contemplated in c. 5, of the Revised Statutes."

The statute authorizes the Court to allow the officer to amend his return, when it should be made to appear that he had given legal notice, and had omitted to make a full return. *He* only, can amend; the Court cannot order him, nor permit another, to amend the return. The officer must amend upon

his own responsibility, and it must be made to appear to the Court that he can amend the defective return and that he is ready or willing to do it, before an amendment can be allowed or made. The offer, in this case, did not meet the objection. The plaintiffs did not propose an amendment by the constable; nor did it appear, nor was it pretended, that that officer could or would amend his return. The rejection of the offer was not therefore erroneous, for the proof would have been unavailing if it had been received.

*Nonsuit confirmed.*